UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MORGAN HUNT and JUSTIN HUNT,** **Individually and as parents and next friend of P.H., and E.H., minors,** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) Case No. CIV-23-223-G ) |
| **OKLAHOMA DEPARTMENT OF HUMAN SERVICES et al.,** | ) ) ) ) |
| **Defendants.** | ) |

# ORDER

On March 10, 2023, Plaintiffs Morgan Hunt and Justin Hunt, appearing through counsel, filed this civil action, bringing state-law negligence and federal civil rights claims against four defendants. *See* Compl. (Doc. No. 1). On March 27, 2024, the Court dismissed the initial pleading. *See* Order of Mar. 27, 2024 (Doc. No. 19).

Plaintiffs then filed a Motion to Amend (Doc. No. 20), seeking leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). On December 27, 2024, the Court granted the Motion to Amend, directing Plaintiffs to file their amended complaint "within seven (7) days of the date of [the] Order." Order of Dec. 27, 2024 (Doc. No. 22) at 3; *see* LCvR 15.1.

As of February 3, 2025, Plaintiffs had not filed the amended complaint as ordered or sought additional time to do so. The Court therefore directed: "Plaintiffs shall, no later than February 10, 2025, SHOW CAUSE in writing why this matter should not be dismissed

for failure to prosecute and failure to comply with the Order of the Court." Order to Show Cause (Doc. No. 23) at 2.

Plaintiffs have not responded to the Order to Show Cause, requested additional time to do so, or otherwise been in contact with the Court.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiffs have had "ample time" to ensure compliance but have instead chosen to disregard the Court's Order. *Soeken v. Estep*, 270 F. App'x 734, 736 (10th Cir. 2008). Plaintiffs' failure to prosecute this action and to comply with the Court's Order leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

## CONCLUSION

This action is therefore DISMISSED without prejudice.

IT IS SO ORDERED this 13th day of February, 2025.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge